NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CROWLEY MARITIME CORPORATION, | No. 09-15036 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-00830-SI |
| v. | |
| FEDERAL INSURANCE COMPANY; TWIN CITY FIRE INSURANCE COMPANY; RLI INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted February 10, 2010
San Francisco, California

Before: HALL, THOMPSON and McKEOWN, Circuit Judges.

Crowley Maritime Corporation ("Crowley") brought suit against three

insurers, Federal Insurance Company, Twin City Fire Insurance Company, and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

RLI Insurance Company (collectively "the Insurers") seeking indemnity for payments made by Crowley to settle a securities action ("the Franklin Fund action"). At issue is whether the Insurers may deny coverage on the ground that Crowley entered into a settlement stipulation (the "Stipulation") without the Insurers' written consent. The district court granted the Insurers' motion for summary judgment, and we affirm.

Crowley shareholders brought suit in 2004 in the Delaware Chancery Court. Crowley timely notified the Insurers of the claim. The Insurers acknowledged the claim, reserved the right to deny coverage, and Federal consented to Crowley's retention of defense counsel. In late 2006, Crowley began negotiating to settle the Franklin Fund action. Crowley entered into a Stipulation in March 2007, prior to requesting the Insurers' written consent, which was never provided. The Stipulation purported to settle the Franklin Fund action through a tender offer subject to certain conditions, including the approval of the Delaware Chancery Court and the entry of a final order prior to the close of the tender offer.

The Insurers allege that Crowley breached § 16(b) of the primary policy, which provides:

> (b) The Insureds agree not to settle or offer to settle any Claim, incur any Defense Costs or otherwise assume any contractual obligation or admit any liability with respect to any Claim without the Company's

2

prior written consent.  The Company shall not be liable for any element of Loss incurred, for any obligation assumed, or for any admission made, by any Insured without the Company's prior written consent.  Provided the Insureds comply with [other Subsections] below, the Company shall not unreasonably withhold any such consent.

Crowley argues that the Stipulation was neither a settlement nor an offer to settle, but instead merely a proposed settlement with significant conditions.  Crowley claims its notice triggered the Insurers' duty under § 16(b) to consider the request for permission to settle and not withhold it unreasonably.

The district court correctly concluded that "[t]he plain language of [§ 16(b)] . . . clearly contradicts Crowley's reading of the contract."  Even assuming the Stipulation is not a binding settlement, it is still both an offer to settle and an assumption of a contractual obligation.  Crowley assumed contractual obligations without notifying the Insurers and without securing their consent, and the policies required both.

Crowley argues that the policies are not enforceable as written unless the Insurers show they were prejudiced by the settlement.  Section 16(b) is a "consent" requirement (also known as a "no-voluntary-payment" or "voluntary payment" clause) which is enforceable without a showing of prejudice.  Low v. Golden Eagle

3

Ins. Co., 2 Cal. Rptr. 3d 761, 762, 771 (Cal. Ct. App. 2003); 2 Witkin, Summ. Cal. Law, Ins., § 320 at 500 (10th ed. 2005).

Crowley also argues that § 16(b) cannot be enforced because the Insurers failed to participate in the settlement process when their views could have had an impact on whether the settlement would be finalized and payment made. Crowley's reliance on Fuller-Austin Insulation Co. v. Highlands Ins. Co., 38 Cal. Rptr. 3d 716 (Cal. Ct. App. 2006), for this point is misplaced, as that case dealt with an excess insurer declining to participate in settlement negotiations. The court in Fuller-Austin was concerned about imposing "an unnecessary burden on primary insurers and parties to an underlying action [if it were] to hold that an excess insurer has an absolute right to withhold its consent to a settlement, while at the same time decline to participate in the action," id. at 738, a circumstance not at issue here.

Crowley finally argues that the Insurers are estopped from enforcing the agreement because Crowley relied to its detriment on a Federal Insurance Company employee's verbal consent to the settlement as well as the silence of the other Insurers after Crowley requested their consent. Under California law, estoppel in this case must arise between the time the insured began settling the case and the time it signed a settlement agreement, "for estoppel requires that one party

4

act in detrimental reliance on action by another." <u>Low</u>, 2 Cal. Rptr. 3d at 773

(citing <u>Strong v. County of Santa Cruz</u>, 543 P.2d 264, 267 (Cal. 1975)). Crowley

executed the Stipulation before seeking the Insurers' consent, thereby breaching

the consent provision. Thus Crowley's estoppel defense fails.

**AFFIRMED.**